ANNA ELIZABETH MISCHLICH and MABEL E. COPLESTON, Appellants, *v.* ISAAC LUBIN and TITLE GUARANTEE AND TRUST COMPANY, Respondents.

Second Department, April 5, 1918.

Real property — restrictive covenant prohibiting carrying on trade or business — injunction — when conducting a boarding house is carrying on a business.

Where lands were sold to various grantees by a common grantor subject to restrictive covenants prohibiting the erection of a building "for carrying on any trade or business" the erection by a grantee of a building obviously planned and arranged for carrying on the boarding-house business will be enjoined at the suit of another grantee.

Taking boarders may or may not be a trade or business. To receive boarders into a private family is not a business; but it is a business to run a regular boarding house.

A covenant must be interpreted as written in the light of the facts existing when the deed was executed and cannot be changed by covenants contained in subsequent deeds conveying lands to other persons.

Such restrictive covenant is not extinguished because lands upon another block have been abandoned to business purposes.

APPEAL by the plaintiffs, Anna Elizabeth Mischlich and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Queens on the 17th day of August, 1917, dismissing the complaint upon the merits upon the decision of the court after a trial at the Queens County Special Term.

The action was brought to restrain the defendants from using certain premises in Rockaway Park as a boarding house,

and from erecting on said premises any building to be used as a boarding house.

*Robert McLeod Jackson,* for the appellants.

*Samuel Berzick,* for the respondent Lubin.

BLACKMAR, J.:

All of the property lying in Rockaway Park has been sold by the common grantor subject to restrictive covenants. The form of these covenants has been changed from time to time, always in the direction of greater restriction upon the use to which the property could be put. Through all these covenants, however, runs the intent to preserve the property for residential purposes. This intent is but faintly traced in the first form used, under which perhaps 150 lots in the original tract were sold; but it is manifest in every other form. The covenants in the deeds under which both plaintiffs and defendants hold prohibit the erection of a building " for carrying on any trade or business." This is a structural covenant. Taking boarders may or may not be a trade or business. To receive boarders into a private family is not. (*Gallon* v. *Hussar,* 172 App. Div. 393.) But to run a regular boarding house is. The building which defendants were erecting was obviously planned and arranged for carrying on the business of a boarding house, and it is conceded that it was intended to be used for such purpose. The fact that the vendor company changed the form of the covenants in deeds made subsequently to those under which plaintiffs and defendants hold, so as to prohibit the use of premises for a boarding house or the letting of furnished rooms, cannot influence the interpretation of the covenant theretofore used. The covenant must be interpreted as written in the light of the facts then existing. The parties themselves might by subsequent acts place a construction on the covenant; but even if the change in the form of the covenant indicated that the Rockaway Park Improvement Company thought that the prior covenant would not accomplish the exclusion of boarding houses, this has no relevancy to the issue between the plaintiffs and the defendants. Neither has the abandonment of the land east of

Fifth avenue to business purposes any effect on the vitality of the covenants as to the property west of Fifth avenue. The property is cut north and south by Fifth avenue, and that street was reserved for business purposes. Property owners west of Fifth avenue could have no real concern with the use to which the property to the east of that avenue was put. When it came, however, to the protection of the residential character of the property west of Fifth avenue, we find continual and consistent efforts to preserve the integrity of the restriction.

We think the erection of the building by defendants for conceded use for the regular business of a boarding house is a violation of the restrictive covenant.

The judgment should be reversed; the findings modified in accordance with this opinion, setting forth the forms of the different covenants and sales under them, and judgment directed for plaintiffs, with costs.

JENKS, P. J., MILLS, RICH and PUTNAM, JJ., concurred.

Judgment reversed; findings modified in accordance with opinion, setting forth the forms of the different covenants and sales under them, and judgment directed for plaintiffs, with costs. Order to be settled before Mr. Justice BLACKMAR.