■ Thomas R. Maio et al., Appellants, v Nicholas Gardino, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Brown, J.), entered June 28, 1990 in Saratoga County, which denied plaintiffs' motion for summary judgment.

Jeanette Paige (plaintiffs' mother) inherited a one-quarter share of her father's property together with her brother (defendant) and her two sisters (Mary Messina and Louise Gebhardt). The father's property had consisted of a house and 24 acres of land in the Town of Colonie, Albany County. On November 22, 1967, Paige transferred to defendant her one-quarter interest in the property for $7,000. On December 1, 1967, Paige and defendant executed an agreement under which defendant, in consideration for Paige's execution of a warranty deed to defendant as to her one-quarter interest in their father's property and for other consideration, agreed as follows: "The party of the first part agrees that in the event said one family house and farm is sold completely to a

purchaser, and the party of the first part will receive from said sale for the farm which the party of the second part has hereinbefore sold to the party of the first part; if said amount is in excess of the $7,000.00 paid by the party of the first part to the party of the second part herein, that the party of the first part will turn over to the party of the second part any sum so received by him in excess of the $7,000.00 after computing interest at the rate of 6% per annum on the $7,000.00 paid, plus any other expenses paid by him for legal fees and taxes paid on the said property."

On January 4, 1973, defendant, Messina and Gebhardt divided the property in two: one half was deeded to defendant and one half to Gebhardt and Messina. Defendant subsequently conveyed his interest in the land by three separate deeds, one executed in 1977 and two in 1988. As of September 26, 1988, the one-family house and land referred to in the 1967 agreement was sold.

Plaintiffs were appointed executors of Paige's estate after she died on November 21, 1987. As distributees of the estate, they demanded of defendant their share of the sale of the property, which defendant failed to turn over to them. After commencing this action they moved for summary judgment for one half of the sum realized by defendant from the disposition of his interest in the land. Supreme Court denied summary judgment, finding the existence of a sufficient question of fact, and this appeal by plaintiffs followed.

The facts alleged by plaintiffs are not controverted by defendant except that defendant contends that summary judgment is inappropriate because the 1967 agreement, under which plaintiffs seek to recover, is vague, confusing and ambiguous. Defendant also raises the defense of the Statute of Limitations.

As to the Statute of Limitations defense, Paige's right under the 1967 agreement to the proceeds of the sale matured with defendant's final sale of the last portion of the property in 1988. The contract cause of action was subject to a six-year statutory limit (see, CPLR 213 [2]) and was thus timely commenced by plaintiffs.

Whether a writing is ambiguous is a question of law to be resolved by the court (Van Wagner Adv. Corp. v S & M Enters., 67 NY2d 186, 191). Summary judgment is not limited to those cases where the contract is free from ambiguity and not subject to differing interpretations. If there is ambiguity in the terminology used, and the equivocality can be resolved

without reference to extrinsic evidence, the issue is to be determined as a question of law for the court *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172).

The 1967 agreement must be interpreted as a matter of law by the court since no extrinsic evidence as to its meaning has been offered. The court must focus on the intentions of the parties and interpret the contract so as to give the parties' intentions vitality. We conclude that the common-sense meaning of the agreement is that Paige was to receive one half of the proceeds in excess of $7,000 from the sale of the property she and her brother each inherited from their father, minus annual interest of 6% on the $7,000 sum Paige initially received from defendant, to be calculated from 1967 to the final sale of the property in 1988, minus one half of counsel fees involved in disposing of the property and minus one half of the taxes paid on the property by defendant. It is apparent from the transfer tax paid on defendant's three transfers of the subject property that substantial sums were realized from the sale of his and Paige's interest: approximately $11,000, $100,000 and $150,000. By their agreement, Paige was to share in the sum realized and which plaintiffs now seek. Accordingly, the matter must be remitted to Supreme Court for a hearing to calculate the specific amounts realized from the sale of the property and the interest, taxes and legal expenses which are to be credited to defendant in conformity with this decision.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiffs and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.