■ THOMAS IULUCCI, Appellant, v JAMES H. MALOY, INC., Respondent. [606 NYS2d 59] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered May 11, 1992 in Washington County, upon a decision of the court in favor of defendant.

The parties each own a parcel of real property in the Town and Village of Fort Edward in Washington County originating

out of a farm owned by Mary Carswell. In 1903 Carswell conveyed 15.35 acres by deed to the Mohican Brick Company. Defendant traces its title to a portion of the Mohican property which, through a series of conveyances, was deeded to Alton Warner who conveyed to defendant in 1984. Warner's title also included a series of tax titles.

Plaintiff traces his title to a separate chain which originated in 1916 when Carswell mortgaged the remainder of her property to Philip Bride. The mortgage specifically excluded the parcel previously conveyed to Mohican in 1903. In 1928, Bride released a small parcel from the mortgaged premises. It is this parcel which plaintiff owns. The description originates in the mortgage release by Bride and was used in a deed by Bride to Lester Brown in 1938 with specific reference back to the release. Plaintiff traces his title directly to the 1938 Bride deed to Brown. It is significant to note that the Mohican parcel was always treated by both Bride and Carswell as an entity separate and distinct from the parcel released by Bride from his mortgage. The instant dispute arose when defendant started to remove sand from the property and plaintiff claimed the land to be his. After a bench trial, Supreme Court found there were two separate and distinct parcels. Supreme Court also found that plaintiff had failed to establish a claim to defendant's parcel by adverse possession. Plaintiff has appealed from the dismissal of the action.

Real Property Law § 240 (3) mandates that "[e]very instrument creating, transferring * * * an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" *(see, Pacamor Bearings v British Am. Dev. Corp.,* 108 AD2d 191, 192). The construction of deeds presents a question of law for the court to decide *(Allen v Cross,* 64 AD2d 288, 291).

It is clear from the abstract of title that Carswell intended to create two separate parcels and that Bride was aware of this fact *(see, Matzell v Distaola,* 105 AD2d 500, 501, *lv denied* 64 NY2d 608). The parties creating the mortgage release clearly did not intend to include the previously conveyed and separately owned Mohican parcel. Bride's 1938 conveyance to Brown not only used the identical description as created by the 1928 mortgage release, but specifically stated it to be as described in the release. Each subsequent conveyance in plaintiff's chain of title refers back to the immediately preceding conveyance, and the description was never expanded or changed to include the Mohican parcel which always re-

mained a completely separate and distinct parcel of property. Viewing the title in its entirety, we find that Supreme Court did not err in finding for defendant. We further find that Supreme Court properly found that plaintiff's limited acts conducted on defendant's property failed to establish an adverse claim. The judgment must be modified, however, to include a declaration in favor of defendant *(see,* RPAPL 1521 [1]).

Yesawich Jr., Crew III, White and Casey, JJ., concur. Ordered that the judgment is modified, on the law, with costs to defendant, by declaring that plaintiff has no valid interest in the subject property, and, as so modified, affirmed.