MELROSE WATERWAY, INC., Respondent, v DAVID R. PEACOCK et al., Appellants. [645 NYS2d 200] —Order unanimously reversed on the law without costs, motion denied and cross motion granted in part in accordance with the following Memorandum: Plaintiff is an association of homeowners whose properties abut the Melrose Waterway, Inc. (Waterway), on Grand Island. The Waterway was deeded to plaintiff and, pursuant to a Declaration of Use and Building Restrictions recorded in the Erie County Clerk's Office on July 28, 1966, plaintiff established rules and regulations for its operation.

Defendants are the owners of Sublot 22, known as 48 Melrose Road. Their property abuts the Waterway. Both defendants' deed and the Declaration of Use and Building Restrictions contain restrictions prohibiting the construction of a structure between a residence and the Waterway. Plaintiff's bylaws authorize the construction of fences as long as they are made of certain material, are of a certain height and have been approved by plaintiff's Board of Directors.

Defendants constructed a four-feet-high chainlink fence on their property near the property line and plaintiff commenced this action seeking an injunction requiring defendants to remove the fence on the ground that the fence violates the bylaws, defendants' deed restrictions and the Declaration of Use and Building Restrictions. Plaintiff also sought a judgment directing defendants to remove a fender-bumper, a device at-

tached to their dock, on the ground that it impedes the rights of egress and ingress of plaintiff's members to the Waterway. After joinder of issue, plaintiff moved and defendants cross-moved for summary judgment. Supreme Court granted plaintiff's motion in its entirety. That was error.

We conclude that the fence constructed by defendants is not a structure that is prohibited either by the restrictions in defendants' deed or the Declaration of Use and Building Restrictions (see, 59 NY Jur 2d, Fences, § 1; Black's Law Dictionary 1424 [6th ed 1990]). In reaching that determination, we apply the general rules that, where a restrictive covenant in a deed is reasonably capable of two interpretations, the interpretation that limits the restriction, rather than the one that extends it, must be adopted (see, Liebowitz v Mandel, 114 AD2d 491, 492; 43A NY Jur 2d, Deeds, § 112) and that the party seeking to enforce the restrictive covenant has the burden of demonstrating that his or her interpretation of the restriction is sustained by the plain and natural interpretation of the instrument as a whole (43A NY Jur 2d, Deeds, § 112).

Because defendants are not members of plaintiff association, the bylaws are not binding on them and do not restrict the use of their property. Contrary to the assertion by plaintiff, defendants' deed does not require defendants to become members of plaintiff association. Rather, the deed states that they "shall be entitled to membership" therein.

Because the construction of the fence by defendants is not prohibited by any restrictive covenant in defendants' deed or the Declaration of Use and Building Restrictions, we grant in part defendants' cross motion for summary judgment and dismiss that part of the complaint seeking removal of the fence.

Furthermore, upon our review of the record, we conclude that questions of fact exist whether the fender-bumper constructed by defendants violates any restrictive covenant in defendants' deed, the Declaration of Use and Building Restrictions or the rules and regulations established by plaintiff regarding the operation and use of the Waterway. Thus, neither party is entitled to summary judgment regarding that issue. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.