■ PHILIP H. GITLEN, Appellant, v MARGARET G. T. GALLUP et al., Respondents. [660 NYS2d 500] —Peters, J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 17, 1996 in Albany County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff purchased a home in the Town of Colonie, Albany County, in 1991. The lot on which the home is situated is part of a series of 10 lots known as the Haselo-Gray Tract, conveyed in 1951 subject to various restrictions which are at issue herein. Defendant Margaret G. T. Gallup owns property, including a parcel which abuts plaintiff's lot and is part of the Haselo-Gray Tract.

Of the 10 lots constituting the Haselo-Gray Tract, only five, including plaintiff's lot, front Crumitie Road and have at least 100 feet of road frontage. Four of the lots front exclusively on Upper Loudon Road and the remaining larger parcel, owned by Gallup, abuts each and every other lot in the Haselo-Gray Tract, with only a narrow private driveway fronting on Crumitie Road.

Gallup and defendant Norton Home Builders, Inc. sought to subdivide Gallup's property, including the one lot situated in the Haselo-Gray Tract. Plaintiff moved for a declaratory judgment to enjoin development of the lot falling within the Haselo-Gray Tract, contending that the restrictions and conditions imposed by the conveying deed, indisputably running with the land, precluded the development proposed.

As relevant herein, the restrictive covenants provide as follows:

"1. The premises and any buildings erected thereon shall be used only for residential purposes. Only one one-family residence and a private garage shall be erected on each of said lots. Each residence shall be erected midway of the width of each of said lots as said lots face Crumitie Road * * *

"5. Premises shall not be subdivided into lots having a frontage of less than 100 feet along Crumitie Road, and only one residence shall be erected on each of said lots."

Based thereon, plaintiff contends that the plan of community development sought through these restrictions intended to limit the division of the Haselo-Gray Tract to include only lots which front on Crumitie Road, with each such lot having at least 100 feet of road frontage. Since the lot at issue does not have the required road frontage, it is argued that any building erected thereon would be contrary to the deed restrictions. Defendants, on the other hand, contend that the restrictions apply only to those lots which face Crumitie Road and that only those lots are required to have at least 100 feet of road frontage. Based upon the history of the subdivisions which occurred shortly after the inclusion of these restrictive covenants in the subject deeds,* defendants contend that their interpretation is consistent with the drafter's intent.

---

* Gallup's lot was created by both the conveyance of what ultimately became plaintiff's lot to Charles Sowalsky in 1952 and the conveyance in April 1954 (referred to as the Sowalsky parcel) of the remainder of the Haselo-Gray Tract (excepting Gallup's lot) to James Sowalsky. In June 1954, prior to any further subdivision, Charles Sowalsky conveyed plaintiff's lot to James Sowalsky. At that time, James Sowalsky owned all of the Haselo-Gray Tract with the exception of Gallup's lot. James Sowalsky then conveyed

Both parties moved for summary judgment. Supreme Court, finding defendants' interpretation the least restrictive, granted their motion and denied plaintiff's cross motion, prompting this appeal.

In reviewing the restrictions presented, we agree with Supreme Court that the language utilized, when seeking to ascertain the intent of the parties, is "susceptible of more than one interpretation" (*Schweitzer v Heppner*, 212 AD2d 835, 838). Contrary to plaintiff's contention, "[s]ummary judgment is not limited to * * * where the contract is free from ambiguity and not subject to differing interpretations. If there is ambiguity in the terminology * * * and the equivocality can be resolved without reference to extrinsic evidence, the issue is * * * a question of law for the court" (*Maio v Gardino*, 184 AD2d 872, 873-874). Moreover, if there are "only documents to interpret * * * the court may resolve ambiguities appearing in the documents on a motion for summary judgment" (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290).

In reviewing the scope of this restrictive covenant, we are constrained to an interpretation which would be the least restrictive since covenants of this kind are contrary to a general public policy promoting the free and unobstructed use of real property (*see, Huggins v Castle Estates*, 36 NY2d 427; *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169; *Thrun v Stromberg*, 136 AD2d 543). Strictly construing these covenants against plaintiff, as the party seeking enforcement, we find that a violation has not been established by clear and convincing proof (*see, Huggins v Castle Estates, supra; Thrun v Stromberg, supra*).

The undisputed extrinsic documentary evidence submitted by all parties to exemplify the way in which the covenants of the Haselo-Gray Tract had been interpreted support defendants' interpretation (*see, Jennings Beach Assn. v Kaiser*, 145 AD2d 607; *Rydberg v Jennings Beach Assn.*, 69 AD2d 816, *affd* 49 NY2d 934), "does no violence to the language used in the deed" (*Schweitzer v Heppner*, 212 AD2d 835, 838, *supra; see, Thrun v Stromberg, supra*) and promotes uniform development in a manner similar to the neighboring areas. Contrarily, accepting plaintiff's interpretation would warrant a conclusion that these covenants have been violated in connection with five of the 10 lots since 1956, 35 years prior to plaintiff's purchase. Hence, plaintiff's interpretation would have been honored more in the breach than in compliance.

---

plaintiff's lot and then separately conveyed seven of his eight remaining lots over the next two years, resulting in the current configuration of the lot structure.

We further note, contrary to plaintiff's contentions raised for the first time on appeal, that plaintiff never alleged that this matter was not ripe for resolution by summary judgment or that further time was needed in order to appropriately respond to defendants' motion. In fact, both sides found the documentary evidence seemingly sufficient by virtue of their respective motions for summary judgment. Accordingly, we find the issue unpreserved for review (*see, Osborne v Schoenborn*, 216 AD2d 810).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.