■ BERNARD CARPINELLI et al., Appellants, v MDF DEVELOPMENT, L.L.C., et al., Respondents. [666 NYS2d 337] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 5, 1997 in Ulster County, which, *inter alia*,

granted a motion by defendant MDF Development, L.L.C. for summary judgment dismissing the complaint.

Prior to 1988, defendant Key Bank of New York was the owner of three contiguous parcels of real property known as 27 Main Street, 260 Fair Street and 264-266 Fair Street located in the City of Kingston, Ulster County. On December 14, 1988, Key Bank sold its property at 260 Fair Street, which was improved by a commercial building and located between the other two properties, to Carey & Carey, Ltd. (hereinafter Carey). At the same time, Key Bank entered into a lease agreement (hereinafter referred to as the 264 Fair Street lease) with Carey under which it agreed, *inter alia*, to lease 11 parking spaces located upon its adjacent property at 264-266 Fair Street, which was unimproved, for a term of 20 years. The parties also entered into a second lease on December 14, 1988 under which Carey agreed, *inter alia*, to lease to Key Bank a strip of land on its 260 Fair Street property for parking purposes also for a term of 20 years.

In February 1993, Carey sold its property at 260 Fair Street to plaintiffs. Thereafter, plaintiffs continued to use 264-266 Fair Street for parking. In December 1995, Key Bank sold its properties at 27 Main Street and 264-266 Fair Street to defendant MDF Development, L.L.C. and provided mortgage financing. After purchasing these properties, MDF refused to allow plaintiffs access to 264-266 Fair Street. Plaintiffs, in turn, commenced this action against MDF and Key Bank seeking, *inter alia*, to enforce their rights under the terms of the 264 Fair Street lease. Following joinder of issue, MDF moved for summary judgment dismissing the complaint and plaintiffs crossmoved for summary judgment. Supreme Court, *inter alia*, granted MDF's motion and dismissed the complaint. This appeal by plaintiffs ensued.

Plaintiffs contend that the provisions of the 264 Fair Street lease are ambiguous concerning the parties' rights and obligations subsequent to a sale of the properties and that, therefore, Supreme Court erred in granting summary judgment. Based upon this record, we find this argument unpersuasive. It is well settled that whether a provision of a contract is ambiguous is a question of law for the court to decide (*see, Maio v Gardino*, 184 AD2d 872, 873; *Serna v Pergament Distribs.*, 182 AD2d 985, 986, *lv dismissed* 80 NY2d 893). Furthermore, even if a contract provision is ambiguous and subject to differing interpretations, summary judgment is appropriate where "the equivocality [may] be resolved wholly without reference to extrinsic evidence" (*Hartford Acc. & Indem. Co. v Wesolowski*,

33 NY2d 169, 172; *see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290-291; *Gitlen v Gallup*, 241 AD2d 856, 858; *Hudson-Port Ewen Assocs. v Chien Kuo*, 165 AD2d 301, 303, *affd* 78 NY2d 944). Here, we find no reason to look beyond the four corners of the 264 Fair Street lease to conclude that the right to the use of the 11 parking spaces at 264-266 Fair Street terminated upon the sale of this property to MDF.

Pursuant to paragraph 3 of the lease, Key Bank agreed to lease to Carey "access through the premises known as 264-266 Fair Street over the roads and driveways used in common with [Key Bank] as a means of access to the rear of 260 Fair Street". This paragraph further provided that "[i]n the event that at any time after the date of this lease, [Key Bank] should convey the parking lot designated as 264-266 Fair Street, [Key Bank] shall convey to [Carey] their successors and assigns, a permanent easement and right of way over the premises known as 27 Main Street". It is clear from this provision that the use of the parking spaces was not intended to survive the sale of 264-266 Fair Street inasmuch as an easement over 27 Main Street running to Carey's "successors and assigns" was specifically designated to take its place. Furthermore, to avoid this eventuality, each party was given a right of first refusal to purchase the other's property under paragraph 6 of the lease. In the event that neither party exercised its right to purchase the other's property under this provision, paragraph 6 went on to provide that "the part[ies] shall be free to sell, assign, or transfer their respective properties free of any further rights or obligations to the other". Giving effect to all of the provisions of the lease (*see, Sullivan County Gas Serv. v Phoenix Mut. Life Ins. Co.*, 111 AD2d 542, 543), we conclude that Supreme Court properly dismissed the complaint upon the ground that plaintiffs had no right to the continued use of the parking spaces under the 264 Fair Street lease. We have considered plaintiffs' remaining contentions and find them to be without merit.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.