■ MARK A. FREEDMAN et al., Appellants-Respondents, v GEORGE N. KITTLE, Respondent-Appellant. [693 NYS2d 651] —Graffeo, J. Cross appeals from a judgment of the Supreme

Court (Cobb, J.), entered March 26, 1998 in Columbia County, which, *inter alia*, declared that defendant was not prohibited from constructing a driveway or underground utility line on certain premises.

In June 1995 plaintiffs purchased a residence on 8.71 acres of land located in the Town of Ghent, Columbia County. The contract of sale and the eventual deed included, *inter alia*, a right of first refusal to purchase an adjoining 5.91 acres of land (hereinafter the option parcel) from defendant, provided that in the event defendant decided to sell the parcel plaintiffs would pay a purchase price of $25,000 within 30 days. The parties further agreed that the option parcel would be subject to a restrictive deed covenant which stated that "no buildings or structures shall ever be erected thereon". Plaintiffs claim that they repeatedly told defendant prior to the closing that they wanted the option parcel to be left in its "wild state" while defendant denies that plaintiffs made such a request.

In September 1997 defendant began to install 2,200 feet of underground utility line and a gravel pathway/driveway on the option parcel. Although the purpose and use of the driveway and utility line was in dispute, evidently their appearance coincided with the construction of a home for defendant's son near the option parcel, and they were to be used, at least in part, for the benefit of the new residence. Defendant also expressed to plaintiffs an intention to place fencing on the parcel.

Plaintiffs commenced this action to obtain, *inter alia*, a declaratory judgment that the presence of the driveway and underground utility line violated the restrictive covenant. Shortly thereafter, plaintiffs moved for a preliminary injunction seeking to enjoin the construction of electric lines, driveways, fences, buildings or other structures on the option parcel. Cross-moving for summary judgment, defendant sought to dismiss the complaint. Supreme Court granted partial summary judgment to defendant, finding that the restrictive covenant did not prohibit the construction of the driveway and the underground utility line. With respect to the erection of the fence, however, Supreme Court denied the parties' respective motions, finding a question of fact to exist regarding the intent of the parties. Lastly, Supreme Court granted plaintiffs' application for a preliminary injunction and enjoined defendant from erecting any fencing on the option parcel pending a final resolution of the litigation. Plaintiffs and defendant now appeal.

The restrictive covenant prohibits the erection of a building

or structure on the option parcel. A structure is defined as "[a]ny construction, or any production or piece of work artificially built up or composed of parts joined together in some definite manner * * * [or a] combination of materials to form a construction for occupancy, use or ornamentation whether installed on, above or below the surface of a parcel of land" (Black's Law Dictionary 1424 [6th ed 1990]). By its own definition, a fence is deemed to be a structure for the purpose of enclosing, dividing or separating land (*see*, Black's Law Dictionary 618 [6th ed 1990]). We find that the plain and natural interpretation of the use of the term "structure" in the restrictive covenant prohibits the erection of a fence (*see*, *Flynn v New York, Westchester & Boston Ry. Co.*, 218 NY 140, 147; *see also*, *Matter of Cowger v Mongin*, 87 AD2d 932, 933, *lv denied* 57 NY2d 601, *appeal dismissed, cert denied* 459 US 1095; *Stewart v Welsh*, 142 Tex 314, 319, 178 SW2d 506, 509; *Kimball v Carter*, 95 Va 77, 27 SE 823; *compare*, *Melrose Waterway v Peacock*, 229 AD2d 1000, 1001). Therefore, plaintiffs' motion for summary judgment with respect to this issue must be granted.

While we recognize that an underground utility line may be considered a "structure", notwithstanding its location underground (*see*, Black's Law Dictionary 1424 [6th ed 1990]), the restrictive covenant which bars structures erected "thereon", as opposed to underneath the land, evinces the apparent intent of the parties (*see*, Real Property Law § 240 [3]; *cf.*, *Schweitzer v Heppner*, 212 AD2d 835, 838) to leave the land above ground unobstructed.* In light of this contradiction, we adopt a less restrictive interpretation of the covenant, especially since public policy favors the free and unobstructed use of property where the restrictive covenant is ambiguous (*see*, *Gitlen v Gallup*, 241 AD2d 856, 858; *Bear Mtn. Books v Woodbury Common Partners*, 232 AD2d 595, 596, *lv denied* 90 NY2d 808; *Melrose Waterway v Peacock, supra*, at 1001). Therefore, we conclude that the installation of a utility line, which notably did not alter the landscape, was not in violation of the restrictive covenant.

For similar reasons, because the driveway in this case was nothing more than gravel, we conclude that the installation of

---

* Defendant's attempt to distinguish between the terms "erection" and "construction" is misplaced because erection is defined as to build or construct (*see*, Black's Law Dictionary 542 [6th ed 1990]; *see also*, *Flynn v New York, Westchester & Boston Ry. Co.*, *supra*, at 147) and, therefore, the fact that the covenant prohibits only the "erection" of buildings and structures is of no consequence.

the driveway was not prohibited by the restrictive covenant and was consistent with defendant's agricultural and residential use of his property (*cf., Public Serv. Co. v Home Bldrs. Assn. of Realtors*, 554 P2d 1181, 1185-1186 [Okla]).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring that the restrictive covenant prohibits the erection of fencing on the option parcel and by permanently enjoining defendant from erecting any fencing on the option parcel, and, as so modified, affirmed.