■ JOHN H. VAN SCHAICK et al., Appellants-Respondents, v TRUSTEES OF UNION COLLEGE, Respondent-Appellant. [728 NYS2d 275] —Spain, J. Cross appeals from an order of the Supreme Court (Caruso, J.), entered March 21, 2000 in Schenectady County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Defendant, a not-for-profit higher-educational institution, is the owner of certain properties situated in an area known as the "General Electric Realty Plot" (hereinafter the realty plot) located in the City of Schenectady, Schenectady County. By 1997, defendant had obtained special use permits to develop two of its properties in the realty plot for the purpose of converting existing residential structures into an administrative office building and "theme" student housing. Defendant's properties at issue are burdened by restrictive covenants contained in their original deeds which state, in relevant part:

"(1) That the said party of the second part, its successors and assigns will not at any time hereafter, *prior to January 1, 1920* erect or cause or procure permit or suffer to be erected upon any part of the hereby granted premises having a frontage of *less than [70] feet* and a depth of *less than [140] feet,* any buildings *except one private one-family dwelling house* and outbuildings thereof, and no building erected on said premises or any part thereof shall at any time be used except for such purposes; and no *dwelling house* with its outbuildings as aforesaid shall *at any time* be erected or be allowed or suffered to

remain on any part of the premises hereby conveyed unless it be on a lot the side lines of which are *at least [70] feet* apart at all points and having a depth of *at least [140] feet* and unless it shall cost not less than Six Thousand Dollars, and subject also to the following covenants: * * *

"(4) That said premises or any buildings erected or to be erected thereon *shall not at any time* be used for the purpose of any *trade, manufacture or business* of any description, excepting that the same may be used for offices for the practice of medicine or for other professional work" (emphasis supplied).

In October 1998, plaintiffs, owners of real property located in the realty plot, commenced this action seeking a declaratory judgment that, pursuant to the restrictions contained in the deeds, defendant was prohibited from constructing any buildings or using the existing structures on its properties in the realty plot for any purpose other than single-family residential use. Plaintiffs also sought an injunction prohibiting defendant from constructing any buildings on those properties for any purpose other than single-family dwellings. Defendant answered asserting, *inter alia*, that its proposed uses of the properties did not violate the restrictive covenants.

Plaintiffs, thereafter, moved for summary judgment and defendant cross-moved for summary judgment and leave to amend its answer to assert that plaintiffs lacked standing to bring the action. Supreme Court denied plaintiffs' motion for summary judgment, granted defendant's cross motion for summary judgment dismissing the complaint and denied defendant's motion to amend its answer. Plaintiffs appeal from that part of the court's order that denied their motion for summary judgment and granted defendant's cross motion for summary judgment. Defendant cross-appeals from that portion of the order denying its motion for leave to amend its answer.

It is well settled that the law favors "free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (*Witter v Taggart*, 78 NY2d 234, 237; *see, Huggins v Castle Estates*, 36 NY2d 427, 430; *Ledda v Chambers*, 284 AD2d 690, 691; *Doin v Bluff Point Golf & Country Club*, 262 AD2d 842, 842-843, *lv denied* 94 NY2d 753; *Gitlen v Gallup*, 241 AD2d 856, 858). Moreover, courts will enforce such restraints only when their application has been established by "clear and convincing proof" (*Witter v Taggart, supra*, at 238; *see, Huggins v Castle Estates, supra*, at 430; *Ledda v Chambers, supra*). We find that plaintiffs' evidence fails to meet this burden and, accordingly, we agree with Supreme Court's resolution of the merits of this action in defendant's favor.

Initially, we reject plaintiffs' assertion that paragraph one of the restrictive covenants prohibits defendant from constructing any buildings or using the existing buildings on its properties for any purpose other than single-family residences. In our view, paragraph one provides that on those lots which are smaller than 70 feet by 140 feet, construction is limited, prior to January 1, 1920, to "one private one-family dwelling house." Paragraph one further provides that for those lots which are 70 feet by 140 feet or larger, construction is restricted, in perpetuity, to a "dwelling house," the cost of which shall be at least $6,000. Significantly, the record reflects that all of defendant's lots at issue in this action exceed the 70 feet by 140 feet lot dimension contained in paragraph one. Accordingly, the "one private one-family dwelling house" restriction is not applicable to defendant's lots herein. Instead, the second clause of paragraph one applies and permits the construction of a "dwelling house," the use of which is not limited to a single-family private residence (see, Minister of Refm. Prot. Dutch Church v Madison Ave. Bldg. Co., 214 NY 268, 272-273; see also, Bennett v Petrino, 235 NY 474).

Likewise, we agree with Supreme Court that the restrictive covenants contained in paragraph four of the deed restrictions apply to defendant's properties at issue herein. Notwithstanding defendant's contrary assertion, we find that the date limitation on the restrictive language contained in the first part of paragraph one does not appear in paragraph four and has no application to lots the size of defendant's properties, i.e., 70 feet by 140 feet or larger. We find, however, that defendant's proposed uses of the subject properties do not violate the use restrictions contained in paragraph four. Specifically, defendant's proposed use of one of the buildings as "theme student housing" does not constitute "trade, manufacture, or business" but, rather, the use falls squarely within the meaning of "dwelling house," which has been defined as "a house or structure in which people dwell" and held to include apartment houses, tenements and the like (Minister of Refm. Prot. Dutch Church v Madison Ave. Bldg. Co., supra, at 273; Bowers v Fifth Ave. & Seventy-Seventh St. Corp., 125 Misc 343, 344-345, affd 215 App Div 764, affd 243 NY 536).

We turn next to the issue of whether defendant's proposed use of a second property as administrative offices for its alumni relations department is proscribed by the use restriction in paragraph four prohibiting the use of a dwelling house as a

business.\* Supreme Court determined that such use was incidental to the operation of defendant's school and that a school is not a business within the meaning of the restrictive covenant at issue here (*see generally, Sweet v Hollearn*, 142 Misc 408, 411; *but see, Marsh v Adams*, 171 Misc 414). It is well established that where language used in a restrictive covenant is capable of more than one interpretation, all doubts must be resolved in favor of the free use of property (*see, Freedman v Kittle*, 262 AD2d 909, 911; *Gitlen v Gallup*, 241 AD2d 856, 858, *supra*; *Thrun v Stromberg*, 136 AD2d 543, 544; *Lewis v Spies*, 43 AD2d 714, 716). Although the issue has apparently not been addressed at the appellate level in this State, we conclude that the operation of an administrative office for a private, not-for-profit college or university is not a business use. Moreover, defendant's school had been in existence for over 100 years at the time the realty plot was developed on lands directly adjacent to the campus and once owned by defendant. The use of the parcels in question by defendant was sufficiently foreseeable and, yet, the framers of the restrictive covenants did not craft a specific restriction prohibiting future use by defendant of land in the realty plot for school purposes. Accordingly, we find that plaintiffs have failed to prove by clear and convincing evidence that defendant's proposed use violates the restrictions in paragraph four.

Finally, while we agree with Supreme Court's determination on the merits, we note that, inasmuch as this is a declaratory judgment action, dismissal of the complaint was improper and a declaration should be granted in favor of defendant (*see, Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954; *Graystone Ltd. Partnership v Church Oil Co.*, 274 AD2d 637, 639). In light of our decision, we need not consider the merits of defendant's cross appeal or the parties' remaining arguments.

Mercure, J. P., Crew III and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as dismissed the complaint; it is declared that the single-family use restriction contained in paragraph one is inapplicable to defendant's properties exceeding 70 feet by 140 feet and that the restrictive covenants contained in paragraph four, while applicable to defendant's properties, are not violated by defendant's proposed uses of the subject properties; and, as so modified, affirmed.

---

\* Supreme Court held, and plaintiffs apparently concede, that the proposed use is clearly not one of trade or manufacture.