■ JOHN MAMBRETTI et al., Respondents, v POUGHKEEPSIE GALLERIA COMPANY, Appellant. [732 NYS2d 909] —In an action to recover damages for breach of a restrictive covenant, the defendant appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated May 24, 2000, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, without costs

or disbursements, the motion is granted, the cross motion is denied, and the complaint is dismissed.

A restrictive covenant is strictly construed against those seeking to enforce it, and the interpretation that permits the least restrictive use of the property consonant with preserving the intended purpose of the restriction will be adopted (*see, Witter v Taggart,* 78 NY2d 234; *Gitlen v Gallup,* 241 AD2d 856; *Bear Mtn. Books v Woodbury Common Partners,* 232 AD2d 595; *Thrun v Stromberg,* 136 AD2d 543). The party seeking to enforce the restrictive covenant must establish a violation by clear and convincing evidence (*see, Witter v. Taggart, supra; Bear Mtn. Books v Woodbury Common Partners, supra; Thomas v June,* 194 AD2d 842).

Here, the intended purpose of the restrictive covenant was to create a protective buffer between a shopping center and the plaintiffs' property. The plaintiffs failed to establish that the defendant's limited activities with respect to the subject property constituted "development" in violation of the restrictive covenant, or in any way lessened the protective buffer (*see, Freedman v Kittle,* 262 AD2d 909). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted, and the plaintiff's cross motion for summary judgment on the issue of liability should have been denied. Ritter, J. P., H. Miller, Feuerstein and Prudenti, JJ., concur.