VIKES and others, Respondents, vs. PEDERSEN and wife, Appellants.

*May 17—June 15, 1945.*

For the appellants there was a brief by *Beck, Heft & Du-Rocher* of Racine, and oral argument by *Carroll R. Heft*.

For the respondents there was a brief by *Rieser & Mathys* of Madison, and oral argument by *C. G. Mathys*.

FAIRCHILD, J.   The determination of the question presented requires a construction of the restrictive covenant in the deed of 1909 and the release of 1926.

The deed of 1909 restricted the entire north portion of the lot from use for mercantile purposes, and provided that only a private dwelling should be erected thereon, and that no building whatever should be erected within the east sixteen feet of the north portion.

The release of 1926 released "said 'north portion' from the restrictions imposed by said deed so far as such restrictions relate to the purpose or purposes for which said 'north portion' may be used."   The provision is clear and admits of but one construction; that the entire north portion including the sixteen-foot strip may now be used for commercial purposes.   The release further recites: "Provided, however, that no structure whatsoever shall ever be constructed or erected upon said 'north portion' within sixteen feet of the east line of said 'north portion,' either by way of a new structure or change in or addition (other than ordinary repairs) to the

building now located on said 'north portion,' and that all restrictions imposed by said deed with reference to said east building line shall remain in full force and effect for the benefit of said 'south portion.'"

The provision retains the building line provided in the 1909 deed. But in addition to retention of the building-line restriction, the release also imposes a limitation against the construction or erection of any structure within the sixteen-foot strip.

Plaintiffs contend that the use of the word "structure" was not intended to enlarge the protection to the defendants beyond the restriction in the 1909 deed, and that if it were so intended, it is void; there being no deed or conveyance of such interest in writing as required by sec. 240.06, Stats. This contention cannot be maintained. The defendants by adding to the existing building-line restriction a provision against the erection of structures were doing so advisedly and with purpose. The defendants evidently were willing to assume the disadvantage which would result from permitting the whole of the north portion of the lot to be used for business purposes if, and in consideration therefor, the sixteen-foot strip would be kept free from all structures in connection with such mercantile use. It may reasonably be held that they did not intend to prohibit the plaintiffs from using that sixteen-foot strip for purposes incidental and necessary to the business, if in so doing, no structures were erected and their right to an open area was respected.

In determining what is to be prohibited by the term "structure," the intention of defendants must be ascertained from the instrument. Counsel for defendants have cited a number of cases in which various constructions such as a paved street, a concrete sewer, or storage tank have been denominated a structure within the provisions of a particular statute or agreement. But such cases can be of little help here. The designation of each item as a "structure" depended on the

intent and purpose of the particular statute involved. The term "structure" must be defined and each case determined upon its own facts under a construction of the instrument involved. It appears that the defendant contemplated that the occupation and use of the sixteen-foot strip should at no time interfere with the original rights acquired other than may be reasonably necessary for the business to be carried on in the other portion of the premises. It is considered that defendant intended to prohibit anything of a permanent nature which would interfere with a full enjoyment of light, air, and vision. They claim no right of ingress or egress for themselves. They are concerned with gasoline pumps, advertising signs, posts, poles, and possible accumulations of material in piles. It is these they claim are covered by the restriction. Since plaintiffs are allowed the use of the sixteen-foot strip for some business purposes, it is considered that a convenient concrete approach at ground level and underground storage tanks are not included within the prohibition, but otherwise the use thus provided for is incidental and actually transitory in its nature as distinguished from storage and complete use. The parties, the owners of the north and the owners of the south portion, were dealing with each other. They contemplated and drew their agreement providing for a more restricted use of the sixteen feet from that which was to be permitted in the balance of the lot. It is evident that the balance of the lot cannot be successfully adapted to a business use without accommodating to that use the incidental use of the sixteen feet. It is plain, however, that all buildings and structures are to be on the part of the premises west of the sixteen-foot strip.

Plaintiffs also urge that although the defendants intended to impose a greater restriction on the sixteen-foot strip, it is void because there is no written deed of conveyance to defendants of an interest in said lands. The restriction was part of the consideration given in return for a release of the

restriction as to mercantile uses on the entire portion of land. Plaintiffs cannot retain the benefit they have received and deprive defendants of their benefit by pleading the statute of frauds.

Plaintiffs, therefore, are entitled to use the entire north portion for mercantile purposes but are prohibited from erecting, constructing, or maintaining any structures, as herein defined, within the sixteen-foot strip.

*By the Court.*—Judgment below reversed, and cause remanded with directions to enter judgment as indicated in this opinion.