STATE EX REL. PEDERSEN and wife, Petitioners, vs. DRURY, Circuit Judge, Defendant.

*December 7, 1945—January 8, 1946.*

For the petitioners there was a brief by *Beck, Heft & Du-Rocher* of Racine, and oral argument by *Carroll R. Heft*.

For the defendant there was a brief by *Rieser & Mathys* of Madison, and oral argument by *Clifford G. Mathys*.

FAIRCHILD, J.   The principal holding in the original opinion of this court (p. 291) was that the "entire north portion including the sixteen-foot strip may now be used for commer-

cial purposes." However, the provision of the restrictive covenant retained the building-line restriction and in addition imposed a limitation against the construction or erection of any structure within the restricted sixteen-foot strip. The decision then laid down certain standards by which to determine what was embraced within the prohibition. Necessarily, a complete enumeration of the prohibited items could not be made. The application of the standard so set must be made by the trial court as the situations present themselves. In determining what is prohibited by the term "structure" it was held that consideration should be given so that the original rights be not interfered with except as necessity for the business to be carried on in the other portion of the premises might require. It was held that petitioners intended to prohibit anything of a permanent nature which would interfere with a full enjoyment of light and air and vision on that strip. Certain specific items were thereupon enumerated as being within the prohibition.

It is considered that the activities of which petitioners now complain, and which were not expressly prohibited by the trial court's judgment, may be permissible, if necessity makes them incidental to the business permitted on the unrestricted portion and if they are transitory. The circumstances disclosed do not warrant us in directing the trial court to enter a judgment in this proceeding in favor of either of those having an interest to be protected in the sixteen-foot strip otherwise than as stated in the original decision. Should it become apparent that it is the purpose of the owner or of any lessee to carry on a general garage business upon this restricted strip as if a building therefor had been constructed, it would seem necessary to prevent it, but a use incidental to the business which is incidental and actually transitory in its nature is not a violation of the covenant.

Except for the paragraphs five and six, wherein the judgment of the lower court grants an injunction and allows costs

to plaintiffs in the original action, which should be eliminated, the judgment conforms to the mandate of this court.

The matter of taxation of costs is not within the purview of a *mandamus* action.    Inasmuch as the matter has been argued by the parties without objection as incidental to the principal question, in order to dispose of the matter, we hold that no costs should be taxed in the circuit court, the plaintiff in that court to pay the clerk's fees; in this court, no costs to be taxed; the petitioners to pay the clerk's fees.

*By the Court.*—Let the writ issue as ordered, to wit, that items five and six in the judgment be eliminated; no costs to be taxed in this court.    Petitioners to pay clerk's fees.