OPINION
This is an accelerated calendar appeal. Defendants-appellants, Ray and Phillix Stovall ("Stovalls"), appeal the July 28, 2000 judgment entry by the Portage County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, the City of Streetsboro ("Streetsboro"). For the following reasons, we affirm the lower court's decision.
On July 21, 1999, Streetsboro filed an amended complaint for injunctive relief to prevent the Stovalls from completing construction of a concrete block wall along the rear and side boundaries of their property and from filling in their rear property to the height of the wall.[1]
Streetsboro alleged violation of various ordinances and regulations and failure to abide by the topographic layout plan that was submitted with the Stovalls' original building permit application. Specifically, Streetsboro claimed the height of the wall, six feet at one point, was prohibited, an unlicensed contractor performed the construction, and the Stovalls failed to modify their original permit or obtain the necessary permits for construction of the wall and for filling and grading their yard.
On May 18, 2000, Streetsboro filed a motion for summary judgment pertaining to the Stovalls. In response, the Stovalls filed a brief in opposition, and, on July 27, 2000, Streetsboro filed a reply brief. The following day, the trial court granted Streetsboro's motion, concluding the Stovalls began construction of the retaining wall without the required permits; hence, as a matter of law, Streetsboro was entitled to a permanent injunction. The trial court ordered the Stovalls to remove the portion of the wall that was erected.
On August 15, 2000, the Stovalls filed a timely notice of appeal. In their sole assignment of error, the Stovalls contend the Streetsboro Planning and Zoning Code does not indicate whether a "retaining wall" is included in the definition of "wall." The Stovalls aver Streetsboro engaged in selective enforcement and discrimination because no other permits were on record for other retaining walls. The Stovalls also argue, during the December 21, 1998 city council meeting, it was stated that the building department granted permission to them and that a permit for a retaining wall was unprecedented. Finally, the Stovalls assert Mike August of the building department informed them that a permit was not required.
This accelerated case comes before us on a motion for summary judgment; accordingly, we must apply the appropriate standard of review set forth in Civ.R. 56. See Ormet Primary Aluminum Corp. v. EmployersIns. of Wausau (2000), 88 Ohio St.3d 292 . Pursuant to Civ.R. 56(C), Streetsboro bears the initial burden of supporting its motion with sufficient and acceptable evidence, demonstrating the lack of a genuine issue and that reasonable minds can come to but one conclusion which is adverse to the Stovalls. See State ex rel. Morley v. Lordi (1995),72 Ohio St.3d 510 . A de novo review of the exhibits included with Streetsboro's motion for summary judgment demonstrates that Streetsboro satisfied its initial burden under Civ.R. 56(C). The topographical layout plan, submitted with the Stovalls' original permit application, reveals that a concrete retaining wall was not included. The Streetsboro ordinances and regulations support Streetsboro's contention that permits are required for the construction of such a wall and for filling and grading. The affidavits of MaryAnn Howitt and Mike August of the Streetsboro Building Department attest to the accuracy of the topographical grading plan, state no other permits were issued, and indicate the Stovalls were not told that a permit was not required for their retaining wall.
Specifically, the Codified Ordinances of Streetsboro ("C.O.S.") provide that a permit shall be required for every "filling" and/or "grading," which is defined as the placement of soil, gravel, etc., on the ground and any operation involving excavation and/or filling. C.O.S. Section901.03 (passed 1-27-97). In limited instances, not applicable to the instant case, a permit is not required to fill and grade when excavating streets, drains, utilities, sewerage systems, farming, gardening, or when a duly issued building permit is already obtained. C.O.S. Section 901.04
(passed 1-27-97). Moreover, a building permit shall be obtained before proceeding with the construction of any appurtenant structure. C.O.S. Section 1303.01(a).[2] "Structure" is defined as anything constructed or erected, requiring a permanent location on the ground or attaching to something having a permanent location on the ground, i.e. billboards, fences, walls, etc. C.O.S. Section 1103.02(108) (1991 replacement); see, also, Section 1103.02(115) (1999 replacement).
Faced with a similar issue, the court in Elsaesser v. Hamilton Bd. ofZoning Appeals (1990), 61 Ohio App.3d 641, held the erection of three crosses, ranging in height from twelve to sixteen feet, were "structures" because they were constructed and permanently buried into the ground, indicating the intention that they would remain there for an indefinite period. Similarly, in Miami Conservancy Dist. v. Elleman (1976),50 Ohio App.2d 357, paragraph two of the syllabus, the court held "structure" is a generic term which includes all types of enclosures that rest on or in the ground.
Streetsboro undeniably satisfied its initial burden pursuant to Civ.R. 56(C); therefore, Civ.R. 56(E) requires the Stovalls to meet their reciprocal burden by setting forth specific facts, explaining that a "genuine issue" exists and that a reasonable jury could return a verdict for them based upon the evidence. See State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447 . The Stovalls may not rest upon mere allegations; rather, they must set forth specific facts showing that a genuine issue exists for trial. See Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48.
In their brief in opposition, the Stovalls attached a one-page summary of the minutes of the December 21, 1998 city council meeting, which waived the $50 variance fee and/or appeal for the Stovalls' retaining wall. The summary is as follows:
 "Concerning the request to waive the fees for a variance and/or appeal for Mr. and Mrs. Stovall, Mr. Rivers stated he met with them last week to discuss their retaining wall situation. Mrs. Henzel explained the Building Department told them they could erect the wall without City involvement, however the Law Director has since ruled a permit is required. Mr. Martin advised that it would be appropriate to waive the fees and sufficient grounds exist to properly do so. Mr. Gargas agreed." (Emphasis added.)
 This excerpt from the city council meeting is a summary of the minutes, not a complete transcript. This summary demonstrates that there was a prior meeting between the Stovalls and other individuals concerning the issues related to their retaining wall. Clearly, this summary does not set forth specific facts to support the Stovalls' contention that, during the meeting, it was stated that the building department granted permission to them and that the requirement of a permit for a retaining wall was unprecedented. Additionally, the Stovalls failed to provide any specific facts, demonstrating the existence of a genuine issue as to the allegation that Mike August informed them that a permit was not required.
Next, the letters from the Portage Soil and Water Conservation District and the Ohio E.P.A., stating that erosion was evidenced on the Stovalls' property, is not relevant to the issues in the instant appeal. Finally, the issues raised in the letter from the Ohio Civil Rights Commission, responding to the complaint filed by the Stovalls, stating it wasprobable that discriminatory housing practices existed to prevent them from building their wall, is not before us at this time; rather, such issues are part of a separate proceeding.
In conducting our de novo review as to whether the Stovalls met their reciprocal burden, construing the evidence in a light most favorable to the Stovalls, the Stovalls did not set forth specific facts to demonstrate the existence of a genuine issue for trial. Reasonable minds could not differ on the issue that the Stovalls failed to obtain the required permits or modify their original building permit prior to the construction of their wall and the filling and grading of their yard. Streetsboro was entitled to summary judgment as a matter of law. Accordingly, the entry of injunction, preventing completion of the wall and ordering removal of the existing wall was appropriate. We affirm the judgment of the trial court.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., NADER, J., concur.
[1] In addition to naming the Stovalls as defendants, Streetsboro also named Encore Homes, The Drees Company, Jerry Coulburne and/or J S Construction Company, Michael and Jean Utz and Rodney and Thelma Barriker. Michael and Jean Utz filed a cross claim against the Drees Company. Rodney and Thelma Barriker filed cross-claims against the Drees Company and the Stovalls. Only the Stovalls and Streetsboro are parties to the instant appeal. The remaining parties and cross-claims were dismissed after the Stovalls filed the instant appeal.
[2] Section 1301.01(a) lists its enactment date as 1-11-99; however, ordinances prior to its enactment similarly required an individual to obtain permission for the construction of any "structure" by applying to the zoning inspector for a zoning certificate. Streetsboro Planning and Zoning Code Section 1107.01(a) (passed 8-28-89).