CARLTON, J.,
concurring in part and dissenting in part:
¶ 20. I respectfully concur in part and dissent in part from the majority’s opinion. I concur with the majority’s decision to affirm the chancery court’s determination that the covenant is a permissible real covenant running with the land. However, I dissent from the majority’s determination that the sign fails to constitute a structure.
¶ 21. I submit that the warranty deed in this case is clear and unambiguous. The warranty deed was conveyed subject to the following:
(1) Reservation of all oil, gas, and other minerals lying in, on, and under subject property, and all rights incident thereto.
(2) Any and all easements, exceptions, reservations, restrictions, rights of way, conditions, covenants, etc., affecting the subject property, of use, or of record.
(3) Any and all utility, drainage, and other easements, whether of use or of record.
(4) Ad valorem taxes for the year 2007, which shall be paid by the Grantors.
(5)No structures are to be erected on the property.
By deed, these covenants were conveyed to Misita. See Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985) (“Where there is no substantial ambiguity requiring adjudication, a contract must be enforced as written. We are not in such cases so concerned with what the parties may have meant or intended but rather with what they said, for the language employed in a contract is the surest guide to what was intended.” (internal citations omitted)). “The language of restrictive covenants is to be read ‘in its ordinary sensef.]’ ” Stokes v. Bd. of Dirs. of La Cav Imp. Co., 654 So.2d 524, 527 (Miss.1995). The language in the warranty deed prohibits structures without limitation as to any type of structure, permanent or temporary. Since the language of the warranty deed is clear, we must not venture outside the language of the deed to construe its terms.
¶ 22. In Sullivan v. Kolb, 742 So.2d 771, 776 (¶ 15) (Miss.Ct.App.1999), this Court found the term structure to be unambiguous.[1] Specifically, the Sullivan Court found that the restrictive covenant prohibiting structures, other than that specifically authorized, was not ambiguous. Id. The Court in Sullivan provided as follows:
Where the language is clear and unambiguous, protective covenants will not be disregarded merely because a use is prohibited or restricted. If the intent to prohibit or restrict the use of land is expressed in clear and unambiguous wording, enforcement is available in the courts of this State. The plain meaning of the words in issue are as follows:
(1) building — Something that is built, as for human habitation; a structure — the *181 act, process, art or occupation of constructing.
(2) dwelling — a place to live in; an abode.
(3) structure — Something made up of a number of parts that are held or put together in a particular way. — The way in which parts are arranged or put together to form a whole; makeup. — The interrelation or arrangement of parts in a complex entity. — Something constructed.
(4) improvement — The act or process of improving. — The state of being improved. — A change or addition that improves; and,
(5) house — A structure serving as a dwelling for one or more persons, esp. for a family.
Id. at 777 (¶ 16).
¶ 23. Here, the warranty deed prohibited structures, and no language in the deed limited the types of prohibited structures or set forth any sort of enumeration of exceptions for any authorized structures.[2] Also, the warranty deed’s restriction on structures restricted all structures, not just permanent ones. No language in the warranty deed indicates that the parties intended to prohibit only fixtures or permanent buildings.[3] In reading the restrictive language of the warranty deed in its ordinary sense and in considering the entire document, no ambiguity exists as to the term structure. Moreover, as previously discussed, the Sullivan court determined the word structure as used in the restrictive covenant was unambiguous.[4] See Stokes, 654 So.2d at 527-29 (enforcing restrictive term of warranty deed providing for no buildings or structures). Fundamentally, the intention of the parties as shown by the language in the deed controls. See Vikes v. Pedersen, 247 Wis. 288, 19 N.W.2d 176, 177-78 (1945) (finding advertising signs, gas pumps, poles, and piled materials violated restrictive covenant prohibiting erection of any structure).[5]
¶ 24. Based on the foregoing, I concur in part and dissent in part.
GRIFFIS, P.J., BARNES AND JAMES, JJ., JOIN THIS OPINION.

. See also Greenberg v. Koslow, 475 S.W.2d 434, 437 (Mo.Ct.App.1971) (defining structure as a "production composed of parts artificially joined together according to plan and designed to accomplish a definite purposef.]").

. See Sullivan, 742 So.2d at 776 (¶ 15) (finding term structure to be unambiguous); James v. Smith, 537 So.2d 1074, 1078 (Fla.Dist.Ct.App.1989) (covenant restricting any structure of a temporary nature prohibited travel trailer from being on the property for security guard and caretaker); Miami Conservancy Dist. v. Elleman, 50 Ohio App.2d 357, 363 N.E.2d 593, 595-96 (1976) (mobile homes found to be mere structures within meaning of deed restriction prohibiting any structures); Abel v. Bryant, 353 S.W.2d 322, 323-24 (Tex.Civ.App.1962) (two steel air conditioner compressors and condensing units on cement foundations constituted structures in violation of restrictive language prohibiting structures).

. See Elleman, 363 N.E.2d at 595-96.

. See Elleman, 363 N.E.2d at 596; Greenberg, 475 S.W.2d at 437 (absent any indication of any special language or peculiar meaning intended by the parties, the court adopted a definition of structure as a "production composed of parts artificially joined together according to plan and designed to accomplish a definite purpose[J”).

.See also Donald M. Zupanec, “What Constitutes “Structure” within Restrictive Covenant,” 75 A.L.R.3d 1095, 1102-03 (1977) (addressing law on restrictive covenants and warranty deeds restricting structures); see generally Beyt v. Woodvale Place Apartments, 297 So.2d 448, 450-51 (La.Ct.App.1974) (concluding that the wide hard-surface boulevard constituted a structure violating no-structure restriction in covenant); Freedman v. Kittle, 262 A.D.2d 909, 911, 693 N.Y.S.2d 651 (N.Y.App.Div.1999) (finding that restrictive covenant prohibiting building or structure applied to erection of a fence); McBride v. Behrman, 28 *182 Ohio Misc. 47, 272 N.E.2d 181, 188 (1971) (finding term "temporary structure” not ambiguous); Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506, 508-09 (1944) (finding seven-foot-high fence violated restriction against structures in covenant); Alexander Schroeder Lumber Co. v. Corona, 288 S.W.2d 829, 832-35 (Tex.Civ.App.1956) (concluding that seven-foot fence violated no-structure covenant).