■ JOAN D'AVINO, Appellant, v JEROME TRACHTENBURG et

al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondent Legal Aid Society of Rockland County, Inc., to conduct a hearing prior to determining whether to terminate the petitioner's employment as its Executive Director, the petitioner appeals (1) from a judgment of the Supreme Court, Rockland County (Hickman, J.), dated December 31, 1986, which dismissed the proceeding, and (2) as limited by her brief, from so much of an order of the same court, dated June 4, 1987, as upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order dated June 4, 1987, made upon reargument; and it is further,

Ordered that the order dated June 4, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The petitioner Joan D'Avino was hired as a staff attorney by the respondent Legal Aid Society of Rockland County, Inc. (hereinafter the Legal Aid Society), in 1974. The respondent Legal Aid Society is a recipient of financial assistance under the Legal Services Corporation Act of 1974 (42 USC § 2996 *et seq.*), and is subject to the regulations promulgated under that act (45 CFR part 1600).

In May 1981 the petitioner was appointed Executive Director of the Society. Her duties in this position included supervision of staff attorneys, paralegals and secretarial staff. On October 21, 1985, following a negative evaluation of the petitioner's performance of her duties, the individual respondents, who comprise the Board of Directors of the Legal Aid Society, voted to discharge the petitioner without affording her a hearing to contest the charges against her. The petitioner subsequently commenced this CPLR article 78 proceeding in the nature of mandamus contending before the Supreme Court that she was entitled to a hearing and reinstatement based upon certain laws, policies and procedures. The Supreme Court held that she had demonstrated no such entitlement, and we agree.

It is well settled that a CPLR article 78 proceeding in the nature of mandamus lies to compel performance by an administrative agency or corporation of a duty enjoined by law *(see, Matter of Kupersmith v Pub. Health Council,* 63 NY2d 904; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 96; *Matter of Caso v New York State Pub. High School Athletic Assn.,* 78 AD2d 41). Mandamus for such purpose,

however, lies only where the right to relief is clear, and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion *(Matter of Hamptons Hosp. & Med. Center v Moore, supra)*.

We have reviewed the provisions of the Legal Services Corporation Act of 1974 (42 USC § 2996 *et seq.)* and the regulations promulgated thereunder (45 CFR part 1600), and find that contrary to the petitioner's contentions, they do not mandate that employment-related decisions of the respondents be deemed acts of the Federal or State Government, which would have required the respondents to adhere to the due process standards of the Fifth and Fourteenth Amendments of the US Constitution *(see, Gerena v Puerto Rico Legal Servs., 697 F2d 447; Newman v Legal Servs. Corp., 628 F Supp 535; Knauth v North Country Legal Servs., 575 F Supp 897)*.

Furthermore, contrary to the petitioner's further assertions, we find no regulation promulgated pursuant to the Legal Services Corporation Act of 1974, or any internal regulation of the respondent corporation applicable to managerial employees, which establishes the petitioner's clear legal right to a hearing prior to discharge *(see, 45 CFR 1618.4; 42 USC § 2996e [b] [5])*. Therefore, the petition was properly dismissed. Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.