OPINION OF THE COURT
Daniel F. Luciano, J.
This motion by the petitioner, Christopher Moore, for a preliminary injunction "staying the Suffolk County Police Department and the County of Suffolk from barring the Plaintiff and those similarly situated from being within sixty feet of the abortion clinic located at 356 Middle Country Road, Coram, New York” is denied.
This appears to be an application for a preliminary injunc *161 tian although the parties have been styled "petitioner” and "respondent” and the relief sought by this motion is identical to that sought in the complaint.
The petitioner, Christopher Moore, alleges that the respondents’, Suffolk County Police Department and the County of Suffolk, police officers have unlawfully restricted him from moving within 60 feet from the building located at 356 Middle Country Road in Coram, New York. That building is apparently the site of an abortion clinic and the petitioner, Christopher Moore, claims that he seeks only to be able peacefully to approach individuals entering the building to engage them in simple conversation or offer literature. He further alleges that he causes no inconvenience and engages in no harassment.
The respondents, Suffolk County Police Department and the County of Suffolk, assert that they are merely complying with the request of the owner of the premises to prevent any demonstrations of any sort on their property and to prevent demonstrators from handing out any fliers or related materials in the parking lot. It is asserted, therefore, that the respondents, Suffolk County Police Department and the County of Suffolk, are merely enforcing the lawful rights of the owner of private property and not engaging in any governmental action designed to restrict the freedom of speech.
It is well established that in order to obtain a preliminary injunction the party seeking such relief must establish a likelihood of success on the merits, an irreparable injury to be suffered by him absent the granting of a preliminary injunction, and the balancing of the equities in his favor. (E.g., Albini v Solork Assocs., 37 AD2d 835.) The petitioner, Christopher Moore, has failed to sustain his burden.
The petitioner, Christopher Moore, has not established that the subject property is not private property, or that it is legally distinguishable from the Smith Haven Mall parking lot considered by the Court of Appeals in SHAD Alliance v Smith Haven Mall (66 NY2d 496) in which the court concluded that the Smith Haven Mall could consistently and nondiscriminatively prohibit all leafletting and other political activity on its private property despite its general accessibility to the public.
The key issue in SHAD Alliance v Smith Haven Mall (supra), as defined by the Court of Appeals was whether there was any State action involved in the restriction of the plaintiffs’ free speech rights, because only in the absence of State *162 action could there be a lawful prohibition of the plaintiffs’ free speech rights.
The factor which is purported to be that which distinguishes the present case from SHAD Alliance v Smith Haven Mall (supra) is that there the plaintiffs brought the action against the privately owned shopping mall whereas in the present case the action is brought against governmental entities.
In determining whether State action is deemed to be involved the Court of Appeals indicated that the factors to be considered include: " 'the source of authority for the private action; whether the State is so entwined with the regulation of the private conduct as to constitute State activity; whether there is meaningful State participation in the activity; and whether there has been a delegation of what has traditionally been a State function to a private person * * *. As the test is not simply State involvement, but rather significant State involvement, satisfaction of one of these criteria may not necessarily be determinative to a finding of State action’ ”. (66 NY2d, supra, at 505.)
In SHAD Alliance v Smith Haven Mall (supra, at 506), the Court of Appeals further indicated that "[t]he relevant inquiry in this case thus becomes the degree to which the State has involved itself in the enforcement of private property rights against individuals wishing to assert their rights of free expression. If such entanglement or delegation exists, it must then be ascertained whether that entanglement or delegation is sufficient to trigger the protections of the State Constitution”.
In this court’s view the enforcement of a private property owner’s right to exclude demonstrators from the property by Suffolk County police officers, who do so at the request of the private property owner, does not constitute State action sufficient to preclude a restriction of the petitioner’s, Christopher Moore, right to come upon the property owner’s land to distribute leaflets and discuss abortion or other political issues. Such conduct by Suffolk County police officers cannot be enough to convert this to a case of State action infringing on free speech. Ultimately, enforcement of all private rights must come through some type of governmental action, whether the courts (as was the case in SHAD Alliance v Smith Haven Mall, supra), and the governmental employees charged with enforcement of court decrees, or, as here, the members of a municipality’s police department if there is to be avoidance of *163 purely private enforcement of rights by violence. To conclude otherwise would be to resolve that any uninvited and unwanted individual seeking to peacefully enter on any private property to communicate a political message could not be so prevented by a municipal police department because of the consequential entanglement of the government in the enforcement of private property rights. Since the alternative conclusion would lead to a scenario whereby the municipal police would not be permitted to remove an unwanted peaceful political speechmaker from a homeowner’s backyard, the removal of the one who is in violation of the private property rights cannot be the State action necessary to trigger the State Constitution’s free speech protections.
Since the enforcement of the private property owner’s rights by Suffolk County police officers has been determined not to be State action giving rise to constitutional free speech rights, the petitioner, Christopher Moore, has failed to demonstrate the existence of material facts distinguishing the present circumstances from those considered in SHAD Alliance v Smith Haven Mall (supra).
Moreover, since the respondents, Suffolk County Police Department and the County of Suffolk, make assertions consistent with the controlling facts in SHAD Alliance v Smith Haven Mall (supra), any controversion of those facts by the petitioner, Christopher Moore, would merely give rise to a factual issue which would warrant denial of this motion for a preliminary injunction. (See, Merrill Lynch Realty Assocs. v Burr, 140 AD2d 589.)