OPINION OF THE COURT
Anthony J. Marano, J.
The defendant is charged with trespass in violation of Penal Law § 140.05, and moves for an order pursuant to CPL 170.30, 170.35, 100.15 and 100.40 dismissing the information on the grounds that the information is facially insufficient and that the instant prosecution is violative of defendant’s right to free speech and expression under the First Amendment of the United States Constitution and article I, § 8 of the New York Constitution. Oral argument was heard on the motion and decision was reserved.
BACKGROUND
This criminal proceeding was commenced on or about September 19, 1994, with the filing of an information charging the defendant with the violation of Penal Law § 140.05. On October 25, 1994, a superseding information charging the defendant with the same offense was filed, and the first instrument was dismissed upon defendant’s arraignment on the latter in accordance with CPL 100.50 (1).
The nonhearsay factual allegations of the superseding information as sworn to by complainant Thomas Cusack, a representative of St. Vincent DePaul Church and member of the church feast committee, allege that on September 9, 1994, at approximately 10:59 p.m., the church was holding its annual feast in the church parking lot, at which time the complainant observed the defendant, a candidate for Judge of the District Court, distributing campaign literature in violation of a diocese and church rule prohibiting the distribution of *384 literature of any type on church property. The complainant alleges that signs were posted at the entrances of the feast setting forth the rule against distributing literature, and that he, as well as members of the Nassau County Police Department in his presence, advised the defendant both of his authority and that the defendant must cease distributing the literature on church property. The defendant is alleged to have resumed distributing the literature, at which time the complainant, in the presence of the police officers, told defendant to leave the premises and the defendant refused. The instant prosecution for trespass ensued.
The supporting deposition of Father Joseph Hickey, pastor of St. Vincent DePaul Church, confirms that Thomas Cusack is a committee member of the church’s feast committee and, as such, is authorized to exclude from church premises any person who intentionally violates the diocese and church rule prohibiting the distribution of literature on church premises. The supporting deposition of Ralph Reale, feast committee chairman, further confirms the existence of the rule prohibiting the distribution of literature, and states that signs were posted setting forth the rule, that he had the authority to act and speak for the church with respect to enforcement of the rule, and that he had requested the Nassau County Police Department to arrest anyone who refused to stop handing out such literature and leave the church property.
FACIAL SUFFICIENCY
Turning first to that portion of the motion seeking dismissal of the information for facial insufficiency, it is well settled that an information, to be sufficient on its face, must contain nonhearsay allegations in the factual part of the information and/or any supporting depositions filed with it, which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c].) The non-hearsay allegations must be sufficient to establish a prima facie case. (People v Alejandro, 70 NY2d 133, 138 [1987]; CPL 100.15 [3].)
The defense contends that the superseding information, filed subsequent to the filing of the instant motion, is facially insufficient. The defense argues that the superseding information lacks the requisite element of knowledge — specifically, that the defendant remained on the premises knowing that his remaining was unlawful.
*385 Penal Law § 140.05 provides, "[A] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises.” Unlawful remaining "requires that the actor have knowledge that remaining is unlawful.” (People v Ranieri, 144 AD2d 1006, 1008 [4th Dept 1988].) A person who enters or remains in or upon premises which are open to the public "does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person.” (Penal Law § 140.00 [5].)
The factual allegations of the superseding information together with the supporting depositions filed with it are sufficient to establish, if true, each and every element of the offense of trespass and the defendant’s commission thereof (CPL 100.40 [1] [c]), and establish a prima facie case against the defendant (People v Alejandro, 70 NY2d 133, supra). The element of knowledge has adequately been pleaded by the nonhearsay factual allegations that the defendant was told to stop distributing literature and, upon failing to stop, was then told to leave by an authorized representative of the church and by police officers. Whether the defendant actually possessed the requisite knowledge upon which to base a conviction for trespass is a factual issue which must be determined at trial. The fact that the defendant may have such a defense to the prosecution does not, however, provide a ground upon which to dismiss the information for facial insufficiency, and the motion to dismiss on such ground is denied.
FREEDOM OF EXPRESSION
The defendant next contends that the instant prosecution violates his right to freedom of speech as guaranteed by the Federal and State Constitutions. The profoundest thought is rendered meaningless when cloistered. Without freedom of expression thought becomes checkered and atrophied. (Kovacs v Cooper, 336 US 77 [1949].) Freedom of speech is "the matrix”, the indispensable condition of nearly every other form of expression (Palko v Connecticut, 302 US 319 [1937]).
The First Amendment of the US Constitution was designed by its framers to foster unfettered discussion and free dissemination of opinion dealing with matters of public interest and governmental affairs. (Mills v Alabama, 384 US 214, 218-219 [1966].) It embraces the freedom to distribute information and materials to all citizens, a freedom "clearly vital to the *386 preservation of a free society”. (Martin v Struthers, 319 US 141, 146-147 [1943]; see, Lovell v Griffin, 303 US 444, 450-451 [1938].) The guarantees of the First Amendment are effectuated against potential State interference by limiting the extent to which States can restrict individuals in the exercise of rights of speech and assembly. (See, e.g., Schneider v State, 308 US 147, 160 [1939].) The First Amendment is made applicable to the States by virtue of the Fourteenth Amendment (Gitlow v New York, 268 US 652 [1925]; Stromberg v California, 283 US 359 [1931]).
The First Amendment, however, does not protect rights of speech and assembly against interference or impairment by private individuals. The Amendment imposes no limitations upon "the owner of private property used nondiscriminatorily for private purposes only,” even though such use may entrench upon the speech and assembly activities of other persons. (Lloyd Corp. v Tanner, 407 US 551, 567 [1972].)
It is well settled that a State may provide through its Constitution a basis for the rights and liberties of its citizens independent from that provided by the Federal Constitution, and that the rights so guaranteed may be more expansive than their Federal counterparts. (PruneYard Shopping Ctr. v Robins, 447 US 74, 80-82 [1980]; see, Oregon v Hass, 420 US 714, 719 [1975]; Cooper v California, 386 US 58, 62 [1967].) Our State Constitution has long recognized that people have a right to freedom of expression. "Every citizen may freely speak, write and publish his sentiments on all subjects” (NY Const, art I, § 8).
Both "State and Federal constitutional guarantees of freedom of speech protect the individual against action by governmental authorities,” but do not extend to the actions of private persons. (SHAD Alliance v Smith Haven Mall, 66 NY2d 496, 502 [1985].) Private conduct may, however, be found to constitute State action and thus be subject to constitutional protection where the government has participated in the private conduct to such an extent that the conduct can be deemed to be "fairly attributable to the State.” (Lugar v Edmondson Oil Co., 457 US 922, 937 [1982]; Matter of Wilson, 59 NY2d 461, 476 [1983]; People v Kern, 149 AD2d 187, 230 [2d Dept 1989], affd 75 NY2d 638 [1990], cert denied 498 US 824.) The level of governmental participation in the private conduct giving rise to the constitutional challenge must be significant in order to trigger constitutional protections. (SHAD Alliance v Smith Haven Mall, 66 NY2d, at 506, supra.)
*387 State action is recognized to be "an elusive principle not reducible to ritualistic incantations or precise formalism”. (SHAD Alliance v Smith Haven Mall, 66 NY2d, at 505, supra.) The factors which are to be considered in determining whether State action has been shown include " 'the source of authority for the private action; whether the State is so entwined with the regulation of the private conduct as to constitute State activity; whether there is meaningful State participation in the activity; and whether there has been a delegation of what has traditionally been a State function to a private person (Melara v Kennedy, 541 F2d 802, 805). As the test is not simply State involvement, but rather significant State involvement, satisfaction of one of these criteria may not necessarily be determinative to a finding of State action’ ”, (SHAD Alliance v Smith Haven Mall, 66 NY2d, at 505, supra, quoting Sharrock v Dell Buick-Cadillac, 45 NY2d 152, 158 [1978].)
Applying these criteria to the case at bar, the first factor determinative to a finding of State action is not present since the source of authority for the private action is not derived from the State, but is instead a private diocese and church rule prohibiting the distribution of literature on church property (compare with People v Kern, 149 AD2d 187, 231, supra, wherein a finding of State action was based, in part, upon the fact that a State statute provided the source of authority for the private action complained of). Upon considering the second factor enumerated by the Court in SHAD (supra), defendant’s contention that the State’s regulation of the church feast mandates a finding of State action because a Town of Hempstead building permit and State gambling and liquor permits were required for the function is found to be unconvincing. A private activity is not elevated to the level of State action merely because it is regulated by a governmental entity. (See, Blum v Yaretsky, 457 US 991, 1004 [1982]; Jackson v Metropolitan Edison Co., 419 US 345, 350 [1974].) The level of regulation of the church feast was relatively limited and did not convert otherwise private activity into State activity.
The presence of police officers to patrol the church grounds and enforce the church’s rule prohibiting the distribution of literature similarly cannot be said to constitute meaningful State participation in the private activity. "Ultimately, enforcement of all private rights must come through some type of governmental action, whether the courts (as was the case in *388 SHAD Alliance v Smith Haven Mall, supra), and the governmental employees charged with enforcement of court decrees, or, as here, the members of a municipality’s police department if there is to be avoidance of purely private enforcement of rights by violence.” (Moore v Suffolk County Police Dept., 151 Misc 2d 160, 162-163 [Sup Ct, Suffolk County 1991].)
The defendant argues that because both gambling and the sale of alcoholic beverages were permitted at the church feast, and because a "park-like atmosphere” was created, there has been a delegation of a traditional State function to a private person warranting a finding of State action. As previously noted, a private activity is not deemed to constitute State action merely because it is subject to State regulation (see, Blum v Yaretsky, 457 US 991, supra; Jackson v Metropolitan Edison Co., 419 US 345, supra). The fact that gambling and the sale of alcoholic beverages may have been permitted at the church feast did not effect a delegation of a traditional State function to the church sufficient to support a finding of State action. With respect to defendant’s contention that the creation of a "park-like atmosphere” converted the church property into a public forum for the duration of the feast, the court notes that even where private property is found to have taken on the attributes and functions of a public forum, the characterization or use of the property "is immaterial to the issue of whether State action has been shown * * * Rather, the analysis must proceed from the other direction to show significant government participation in private conduct that limits free speech rights.” (SHAD Alliance v Smith Haven Mall, 66 NY2d, at 506, supra.)
The court is mindful of the defendant’s concerns that political candidates be afforded access to community functions for cost effective campaigning and that the right to freedom of political speech must be protected. "[T]he American political landscape extends far beyond the handful of prominent offices that capture much media attention and campaign dollars * * * [F]rec access to a 'public forum’ is essential to maintaining equal access to the field of American politics * * * [Candidates for local office heavily rely upon the public forum to enable them to convey their messages to the voting public * * * In a nation of more than eighty-thousand governmental units and several hundred thousand selected officeholders (including judges), most candidates must campaign for public office on shoe-string budgets, primarily relying on effective organization and personal appeal to attract a constituency. *389 Thus, access to the relatively low-cost public forum becomes an integral part of the local campaign effort, and the loss of that forum cannot be replaced easily.” (Berger, PruneYard Revisited: Political Activity on Private Land, 66 NYU L Rev 633, 638-640.) However, "[s]uch factors are irrelevant to whether State action is present and whether there has been a constitutional infringement.” (SHAD Alliance v Smith Haven Mall, 66 NY2d, at 506, supra.) "A State Constitution is a document defining and limiting the powers of State government, not a blueprint for the judiciary to turn what it perceives to be 'desirable’ social policies into law”. (Supra, at 504.)
Under the facts and circumstances as presented on this motion, the court finds that the defendant has failed to demonstrate a significant degree of State involvement in the church feast sufficient to support a finding that the allegedly unconstitutional conduct of the church and its representatives constituted State action. The defendant’s motion to dismiss the information on the ground that the instant prosecution violates his right to freedom of speech is denied in accordance with the foregoing.