▪ MAHMOOD MOGHIMZADEH, Appellant, v COLLEGE OF SAINT ROSE, Respondent. [653 NYS2d 198] —Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered June 13, 1995 in Albany County, which, *inter alia*, granted defendant's cross motion to dismiss the complaint for failure to state a cause of action.

At issue on this appeal is whether the constitutional guarantees of due process are applicable to the termination of plaintiff's employment as a tenured professor at defendant, a private college. It is well settled that in the absence of a showing that the State somehow involved itself in what would otherwise be deemed a private activity, students at a private college have no right to due process in the college's disciplinary proceedings (*see, Matter of Mu Ch. of Delta Kappa Epsilon v Colgate Univ.*, 176 AD2d 11; *Matter of Beilis v Albany Med. Coll.*, 136 AD2d 42; *see also, Tedeschi v Wagner Coll.*, 49 NY2d 652, 662). We see no reason to apply a different principle to a tenured faculty member at a private college (*see, Klinge v Ithaca Coll.*, 167 Misc 2d 458, 461, *mod* 235 AD2d 724).

That defendant, along with all other private colleges and universities in the State, is included in the University of the State of New York (*see*, Education Law § 214) and is subject to regulation and inspection by the Board of Regents (*see*, Education Law §§ 202, 215), is insufficient to show the necessary State involvement. Mere State regulation of a private entity is insufficient, for the complaining party must also show that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself" (*Jackson v Metropolitan Edison Co.*, 419 US 345, 351).

The Court of Appeals has said that the Due Process Clause of the State Constitution "provides a basis to apply a more flexible State involvement requirement" (*Sharrock v Dell Buick-Cadillac*, 45 NY2d 152, 160), but again more than mere State regulation of the private entity is required (*see, Montalvo v Consolidated Edison Co.*, 61 NY2d 810, *affg* 92 AD2d 389; *Fried v Straussman*, 41 NY2d 376). In the absence of any indication that defendant's enforcement of its own internal rules concerning tenured faculty members constitutes meaningful State participation, we conclude that plaintiff has no due process claim (*see, Paolucci v Adult Retardates Ctr.*, 182 AD2d 681; *D'Avino v Trachtenburg*, 149 AD2d 399, *lv denied* 74 NY2d 611). Inasmuch as plaintiff has effectively abandoned the remaining claims in the complaint (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2), the order dismissing the complaint should be affirmed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.