KINGS MALL, LLC, Respondent, v JAY L. WENK et al., Appellants. [839 NYS2d 313]—

Crew III, J. Appeal from an order of the Supreme Court (Bradley, J.), entered November 3, 2006 in Ulster County, which granted plaintiff's motion for a preliminary injunction.

Plaintiff is the owner of a shopping mall in the Town of Ulster, Ulster County. The mall consists of a single large building with

an enclosed common area, two anchor stores at each end and 30 retail stores between them. One of plaintiff's 32 tenants is the United States government, which maintains a recruitment center for all four branches of the armed forces.

Displayed at every entrance to the mall are printed notices advising that the mall "is reserved only for the use of the owners and employees of business tenants and their patrons" and entering the property "for any other purpose is prohibited." In May 2005, defendants Jay L. Wenk and Joan W. Keefe, together with various others, began entering the mall to protest against the war in Iraq. Over time the protests became increasingly aggressive and disorderly, prompting plaintiff to commence this action to permanently enjoin defendants from entering plaintiff's property.[1] Following commencement of the action, plaintiff moved for a preliminary injunction. Supreme Court granted a preliminary injunction, allowing defendants to protest on the outside sidewalks of the mall during a two-hour time period on Saturday afternoons. Defendants now appeal.

In order to have been entitled to a preliminary injunction, plaintiff had to establish (1) a likelihood of success on the merits, (2) irreparable injury and (3) a balancing of the equities in its favor (*see Matter of Kalichman*, 31 AD3d 1066, 1067 [2006]). Accordingly, we must first determine whether plaintiff has demonstrated a likelihood of success on the merits.

There can be no doubt that the mall owner here, being a private party, has not infringed upon defendants' First Amendment rights in prohibiting the subject protests because its actions do not constitute the state action necessary to implicate federal constitutional protections (*see Hudgens v NLRB*, 424 US 507, 513 [1976]). It remains, therefore, to determine whether our state constitution protects defendants' activity. We think not.

It is now well established that both the state and federal constitutional guarantees of free speech protect individuals against governmental action (*see SHAD Alliance v Smith Haven Mall*, 66 NY2d 496, 502 [1985]). Thus, in order to determine whether plaintiff has violated defendants' constitutional rights, we must ascertain whether its prohibition constitutes state action within the meaning of our constitution. To make that determination, we must examine " 'the source of authority for the

---

1. It should be noted that during some of these protests, a number of tenants called the police and Wenk and Keefe were arrested and charged with disorderly conduct, harassment and trespass. The harassment charges were dismissed in the interest of justice, while the other charges were adjourned in contemplation of dismissal.

private action; whether the State is so entwined with the regulation of the private conduct as to constitute State activity; whether there is meaningful State participation in the activity; and whether there has been a delegation of what has traditionally been a State function to a private person' " (*id.* at 505, quoting *Sharrock v Dell Buick-Cadillac*, 45 NY2d 152, 158 [1978]).

Defendants have not demonstrated that any state action is involved here other than the fact that the United States government has rented one of 32 commercial spaces in plaintiff's mall. The record reflects that plaintiff's actions arise not out of any obligation to the government or in response to any governmental request but, rather, out of its contractual obligation to prevent disruptions damaging to its tenants' business operations at the mall. There is absolutely no evidence on this record that the government is entwined with plaintiff's conduct or has participated therein. Accordingly, we believe plaintiff has demonstrated a likelihood of success on the merits.[2]

We also are of the belief that plaintiff has adequately established the second prong required for injunctive relief. Plaintiff has submitted the affidavits of seven of its tenants, each of whom has sworn that at those times when defendants have engaged in protesting, the number of patrons at their businesses has noticeably decreased and that their gross sales have likewise decreased. Contrary to defendants' assertion, we do not find those statements to be conclusory but, rather, factual averments based upon personal knowledge. Moreover, contrary to defendants' contention, their interference with the business of plaintiff's tenants would not likely be adequately compensated by monetary damages "because of the difficulty in proving how many individuals [were] deterred from patronizing those businesses as a direct result of defendants' conduct" (*People v Anderson*, 137 AD2d 259, 271 [1988]). Absent injunctive relief, we perceive that plaintiff will likely sustain irreparable injury.

Finally, we are of the view that the injury to defendants in having to continue their protests on a nearby public sidewalk outside the mall is far outweighed by the potential financial loss and the loss of goodwill that will be suffered by plaintiff absent injunctive relief. Accordingly, the order should be affirmed.

Mercure, J.P., Rose and Lahtinen, JJ., concur.

Peters, J. (concurring). I agree that plaintiff established its

2. Plainly, our determination in this regard is based upon the record presently before us and should not be construed as a conclusive finding on this point.

entitlement to a preliminary injunction but believe that, in light of this undeveloped record, the majority's conclusive determination regarding the merits of the claim is premature.

Presented only with the issue of whether plaintiff established a *likelihood* of success on the merits, I cannot agree that there "can be no doubt" that defendants' First Amendment rights have not been infringed or that there "is absolutely no evidence" that the government was sufficiently involved with or participated in the regulation of the subject conduct. Unlike the factual circumstances presented in *SHAD Alliance v Smith Haven Mall* (66 NY2d 496 [1985]), plaintiff leases one of its 32 spaces to a United States government military recruitment center—the only one located within Ulster County. Critical facts necessary for the majority's unequivocal determination, such as whether plaintiff's policy against protesting preceded or followed its lease to the military recruitment center and whether such recruitment center pays rent at fair market value, are wholly absent from the record. Thus, while I agree that plaintiff has established a likelihood of success on the merits, the presence of a government tenant, in an otherwise privately owned mall, may alter its status to that characterized by Supreme Court, to wit: "something less or different than purely 'private' property, and certainly something which is more akin to a 'public forum.' "

Ordered that the order is affirmed, without costs.