Fresh Air for The Eastside, Inc. v State of New York (2024 NY Slip Op 03950)

Fresh Air for The Eastside, Inc. v State of New York

2024 NY Slip Op 03950

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

419 CA 23-00179

[*1]FRESH AIR FOR THE EASTSIDE, INC., PLAINTIFF-RESPONDENT-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, DEFENDANTS-APPELLANTS, CITY OF NEW YORK, DEFENDANT-RESPONDENT, AND WASTE MANAGEMENT OF NEW YORK, L.L.C., DEFENDANT-APPELLANT-RESPONDENT. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
HARRIS BEACH PLLC, PITTSFORD (BRIAN D. GINSBERG OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 
HON. SYLVIA O. HINDS-RADIX, CORPORATION COUNSEL, NEW YORK CITY (JOSH LIEBMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 
IVONNE NORMAN, NEW YORK CITY, FOR GREEN AMENDMENTS FOR THE GENERATIONS AND DELAWARE RIVERKEEPER NETWORK, AMICI CURIAE.
EARTHJUSTICE, NEW YORK CITY (RACHEL SPECTOR OF COUNSEL), AND NEW YORK LAWYERS FOR THE PUBLIC INTEREST (MARINDA VAN DALEN OF COUNSEL), FOR PFOAPROJECT, BROOKHAVEN LANDFILL ACTION AND REMEDIATION GROUP, SOUTH BRONX UNITE, SOUTHEAST QUEENS RESIDENTS ENVIRONMENTAL JUSTICE COALITION, AND NEWBURGH CLEAN WATER PROJECT, AMICI CURIAE.
 

 Appeals and cross-appeal from an amended order of the Supreme Court, Monroe County (John J. Ark, J.), entered December 21, 2022. The amended order granted the motions of defendants City of New York and Waste Management of New York, L.L.C., to dismiss the complaint against them and denied the motion of defendants State of New York and New York State Department of Environmental Conservation to dismiss the complaint against them. 
It is hereby ORDERED that said appeal of defendant Waste Management of New York, L.L.C. is unanimously dismissed and the amended order so appealed from is modified on the law by granting the motion of defendants State of New York and New York State Department of Environmental Conservation and dismissing the complaint in its entirety, and as modified the amended order is affirmed without costs.
Memorandum: Defendant Waste Management of New York, L.L.C. (WM) owns and operates the High Acres Landfill, which is the second largest landfill in defendant State of New York (State). Plaintiff, Fresh Air for the Eastside, Inc., a non-profit corporation comprised of [*2]over 200 members who reside within four miles of the landfill, was formed to address odors and fugitive emissions resulting from WM's allegedly inadequate operation of the landfill.
Plaintiff commenced this action against WM, the State and defendant New York State Department of Environmental Conservation (collectively, State defendants), and defendant City of New York (City) seeking declaratory and injunctive relief. Plaintiff alleges, in a single cause of action, that odors and fugitive emissions from the landfill violate its members' environmental rights under the January 1, 2022 amendment to the State Constitution (Green Amendment), which establishes that "[e]ach person shall have a right to clean air and water, and a healthful environment" (NY Const, art I, § 19). WM moved to dismiss the complaint in its entirety on, inter alia, the ground that the Green Amendment did not create a right of action against private entities. The City moved to dismiss the complaint against it on the ground that the complaint did not state a cause of action against the City, i.e., it did not allege that the City engaged in any conduct that violated the Green Amendment. State defendants moved to dismiss the complaint against them on, inter alia, the ground that, notwithstanding the Green Amendment, mandamus relief is not available to compel them to take enforcement actions against WM. Supreme Court granted the motions of WM and the City to dismiss the complaint against them and denied State defendants' motion. WM and State defendants appeal, and plaintiff cross-appeals. We now modify.
Preliminarily, WM's appeal must be dismissed inasmuch as "[a] 'party [that] has successfully obtained a[n] . . . order in [its] favor is not aggrieved by it, and, consequently, has no need and, in fact, no right to appeal' " (Benedetti v Erie County Med. Ctr. Corp., 126 AD3d 1322, 1323 [4th Dept 2015]).
With respect to plaintiff's cross-appeal as it relates to WM, plaintiff does not dispute WM's contention that the Green Amendment only "governs the rights of citizens with respect to their government and not the rights of private individuals against private individuals" (SHAD Alliance v Smith Haven Mall, 66 NY2d 496, 503 [1985]; see also Downs v Town of Guilderland, 70 AD3d 1228, 1230-1232 [3d Dept 2010], appeal dismissed 15 NY3d 742 [2010]). Plaintiff contends, nonetheless, that WM's operation of the landfill is so entwined with governmental policies and had such governmental character that its actions can be regarded as state action. We reject that contention. "The factors to be considered in determining whether [state action] has been shown include: 'the source of authority for the private action; whether the State is so entwined with the regulation of the private conduct as to constitute State activity; whether there is meaningful State participation in the activity; and whether there has been a delegation of what has traditionally been a State function to a private person . . . As the test is not simply State involvement, but rather significant State involvement, satisfaction of one of these criteria may not necessarily be determinative to a finding of State action' " (SHAD Alliance, 66 NY2d at 505). Although the disposal of municipal solid waste has traditionally been a governmental function, the fact that landfill operation is a regulated industry and that WM's customers are predominantly municipal entities is insufficient to impute state action to WM's conduct (see Williams v Maddi, 306 AD2d 852, 853 [4th Dept 2003], lv denied 100 NY2d 516 [2003], cert denied 541 US 960 [2004]).
We also reject plaintiff's contention on its cross-appeal that the complaint alleges action taken by the City in violation of the rights of plaintiff's members under the Green Amendment. Rather, the complaint alleges that plaintiff's members have been deprived of clean air and a healthful environment as a result of WM's inadequate operation of the landfill, not through any improper action by the City. Thus, the complaint fails to state a cause of action against the City (see generally Paynter v State of New York, 100 NY2d 434, 441 [2003]).
Finally, with respect to State defendants' appeal, although the complaint "ostensibly seeks declaratory relief, it is essentially a CPLR article 78 proceeding in the nature of mandamus," seeking to compel the State to take enforcement action against a private entity (Town of Webster v Village of Webster, 280 AD2d 931, 933 [4th Dept 2001]; see also Di Lorenzo v Carey, 62 AD2d 583, 590 [4th Dept 1978], appeal dismissed 45 NY2d 832 [1978], cert denied 440 US 914 [1979]). "It is well settled that the remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]; see Alliance to End Chickens as Kaporos v New York City Police Dept., [*3]152 AD3d 113, 118 [1st Dept 2017], affd 32 NY3d 1091 [2018], cert denied — US &mdash, 139 S Ct 2651 [2019]). The remedy of mandamus is typically not available where, as here, a party seeks to compel an administrative agency of the State to take enforcement action against a private entity. An administrative agency's enforcement decisions are "general[ly] unsuitab[le] for judicial review" because "an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise" (Heckler v Chaney, 470 US 821, 831 [1985]; see also United States v Texas, 599 US 670, 679-680 [2023]). Thus, unless the administrative agency has
" 'consciously and expressly adopted a general policy' that is so extreme as to amount to an abdication of its statutory responsibilities" (Heckler, 470 US at 833 n 4), the responsibility for balancing those factors is " 'lodged in a network of executive officials, administrative agencies and local legislative bodies,' " and private parties—however well-intentioned—may not "interpose themselves and the courts" between the agencies and the difficult policy determinations they must make regarding whether and when to take regulatory action (Jones v Beame, 45 NY2d 402, 407 [1978]). Here, the only conduct on the part of State defendants that the complaint alleges violates the constitutional right of plaintiff's members to clean air and a healthful environment is their regulatory failure to take enforcement actions against WM based on its allegedly inadequate operation of the landfill. Inasmuch as the court cannot impose mandamus relief "to compel an act in respect to which the [administrative agency] may exercise judgment or discretion" (Klostermann v Cuomo, 61 NY2d 525, 539 [1984] [internal quotation marks omitted]; see also Matter of County of Chemung v Shah, 28 NY3d 244, 266 [2016]), such as an enforcement proceeding, the complaint fails to state a cause of action against State defendants (see Matter of Community Action Against Lead Poisoning v Lyons, 43 AD2d 201, 202-203 [3d Dept 1974], affd 36 NY2d 686 [1975]; see also Matter of Level 3 Communications, LLC v Chautauqua County, 148 AD3d 1702, 1705 [4th Dept 2017], lv denied 30 NY3d 913 [2018]). We therefore modify the amended order by granting State defendants' motion and dismissing the complaint in its entirety.
The parties' remaining contentions are academic in light of our determinations.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court